IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.: 5:24-cr-10-6 |
| WEI SHENG DENG, | |
| Defendant. | |

**O R D E R**

On April 16, 2025, the parties filed their Joint Status Report. Doc. 106. In that Report, the parties state that all pretrial motions filed in this case as to Defendant Wei Sheng Deng have been resolved, with the exception of Defendant's Motion in Limine, doc. 81, Motion for Bill of Particulars, doc. 82, Motion for Hearing Regarding Co-Conspirator Statements, doc. 83, Motion to Participate in Voir Dire, doc. 84, and Motion to Sever Defendant, doc. 85. The parties state in their Joint Status Report that oral argument and evidentiary hearings are not necessary for these motions. The Government filed a Combined Response to Defendants' Pretrial Motions. Doc. 104.

Accordingly, the Court **DENIES as moot** the Government's Motion, doc. 61, as to Defendant Wei Sheng Deng, and Defendant's Motions, docs. 79-80. For the following reasons, the Court **DENIES** Defendant's Motion in Limine, Motion for Bill of Particulars, Motion for Hearing Regarding Co-Conspirator Statements, Motion to Participate in Voir Dire, and Motion to Sever Defendant. Docs. 81, 82, 83, 84, 85.

**I.      Motion in Limine Concerning Peremptory Challenges, Doc. 81**

Defendant asks the Court to grant him additional peremptory challenges during jury selection.  Defendant contends that since he may be tried jointly with co-defendants he should be allowed to separately exercise additional peremptory challenges.  Defendant states denial of this Motion will result in Defendant being placed in a position in which he would not receive the same number of peremptory challenges that would otherwise be available to him.  Alternatively, Defendant requests the Court to sever his trial from co-defendants.

The Government opposes Defendant's Motion.  Doc. 104 at 5.  The Government states Defendant's Motion is not ripe for review.  The Government asserts the appropriateness of this motion is dependent on how many of the Defendants proceed to trial.  The Government states there is no constitutional right to peremptory strikes.  The Government states Defendants jointly have 10 peremptory challenges.  Under Federal Rule of Criminal Procedure 24(b), the Court may allow additional peremptory challenges to multiple defendants but is not required to do so.  Id.

The Federal Rules of Criminal Procedure provide in a non-capital felony case the government is entitled to six peremptory challenges and the defendants are collectively entitled to ten.  Fed. R. Crim. P. 24(b)(2).  The Court has discretion to allow additional challenges or to allow defendants to exercise their challenges separately or jointly.  Fed. R. Crim. P. 24(b).  Whether to grant additional peremptory challenges in a case involving multiple defendants is a matter left to the Court's discretion.  See United States v. Tucker, 526 F.2d 279, 283 (5th Cir. 1976); United States v. Bentley, 503 F.2d 957, 958 (5th Cir. 1974).  The District Court also has discretion over whether to require multiple defendants to exercise challenges separately or jointly.  See United States v. Franklin, 471 F.2d 1299, 1300 (5th Cir. 1973); United States v.

Williams, 447 F.2d 894, 896–97 (5th Cir. 1971), *overruled on other grounds by* United States v. Archer, 733 F.2d 354 (5th Cir. 1984).

At this time, Defendant has not provided compelling reasons as to why he should be granted additional peremptory challenges. Indeed, codefendants who are tried jointly are routinely required to exercise their peremptory challenges jointly. Furthermore, trial dates have not been set in this case, and thus, it is not known if the parties will ultimately be tried jointly. Accordingly, I **DENY without prejudice** Defendant's Motion in Limine requesting additional peremptory challenges. Doc. 81. Within 7 days of the trial date being set, if Defendant wishes, he can move the Court for additional peremptory challenges.

II.     **Motion for Bill of Particulars, Doc. 82**

Defendant requests the Government to outline the allegations in Count One of the Indictment. Defendant requests the following details: date and times on which Defendant committed acts in furtherance of the conspiracy, nature of the acts alleged to be committed by Defendant in furtherance of the conspiracy, date and times of acts committed by co-defendants in furtherance of the conspiracy, nature of the acts committed by co-defendants in furtherance of the conspiracy, and the names of persons to whom Defendant may have made statements referencing a conspiracy. Defendant argues he cannot meaningfully prepare his defense to the allegations against him. Id. at 2.

The Government opposes Defendant's Motion. Doc. 104 at 12. The Government states the offenses in the Indictment track the statutory language of the charged offenses, which sufficient to apprise Defendant of the charges against him. The Government also states the Defendants have been provided with the investigative files in this case, which includes details of the charged offenses and those who were known to be involved. The Government contends the

Indictment and the discovery materials allow Defendant to adequately prepare a defense and protect against double jeopardy. Id. at 13.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek a bill of particulars setting forth the time, place, manner, and means of commission of the crimes alleged in the indictment. The purpose of a bill of particulars is to give notice to a defendant of the offenses charged in the indictment so that he may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006). A bill of particulars is not intended as a discovery device, nor "to provide a detailed disclosure of the government's evidence in advance of trial." Id. A motion for a bill of particulars is not a *carte blanche* opportunity for the defense to investigate the government's case. United States v. Thevis, 474 F. Supp. 117, 123 (S.D. Ga. 1979). The granting of a bill of particulars is a matter for the trial court's discretion. United States v. Watson, 669 F.2d 1374, 1379 n.2 (11th Cir. 1982).

This motion requires the court to undertake a two-part analysis. Thevis, 474 F. Supp. at 123. First, the request must be granted when, on its face, nondisclosure until trial will result in prejudicial surprise to the defendant or the preclusion of an opportunity for meaningful defense preparation. Id. If the court is unable to determine on its own whether prejudicial surprise or preclusion of defense preparation will result, the court must then balance the competing interests of the defense and the government. Id. at 124.

When there is no *prima facie* case for disclosure in a bill of particulars, "the defendant has the burden of showing. . . that nondisclosure [will] lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." Id. "[T]he defendant must show that without the requested particular his own investigation could not glean the facts or theory

4

which preclude prejudicial surprise or allow meaningful opportunities for defense preparation to meet the government's evidence and theories." Id.

Defendant has failed to carry the burden entitling him to a bill of particulars. The Government has provided Defendant Deng with a large amount of discovery, which contains information necessary for him to defend this case. Because the Defendant has received this information through the extensive discovery process that is ongoing in this case, there is no need for a bill of particulars. See United States v. Draine, 811 F.2d 1419, 1421 (11th Cir. 1987) (denying defendant's motion for bill of particulars because the indictment gave notice of the elements of the charged offense and the government provided the codefendants' statements during pre-trial discovery).

The combination of the Indictment and extensive discovery are sufficient to put Defendant on notice of the charges against him. The specific charges in the Indictment provide details on the charges against Defendant Deng. Count one charges Defendant Deng and other Defendants with conspiracy to possess with intent to distribute and to distribute controlled substances under 21 U.S.C. § 846. Doc. 1 at 1. Count one includes details about the dates of the alleged conspiracy, the counties in which it occurred, the specific controlled substance, and the amount of the controlled substance. Id. at 1–2. Count two charges Defendant Deng and other Defendants with possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1). Id. at 3. Count two includes details about the date, the counties in which this act occurred, the specific controlled substance, and the amount of the controlled substance. Id. Count three charges Defendant Deng and other Defendants with possession of firearms in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). Id. at 4. Count three includes details about the date, the county in which this act occurred, and the specific types of firearms.

The Indictment contains a detailed list of the charges and overt acts and identifies the relevant co-Defendants for each charge. The Indictment adequately puts Defendant Deng on notice of the charges against him and his co-Defendants. See United States v Hawkins, 661 F.2d 436, 452 (5th Cir. 1981) (denying motion for bill of particulars because the indictment adequately put the defendant on notice because it contained a detailed list of overt acts and names of codefendants).

The extensive amount of discovery in this case also reduces the chance of surprise at trial for Defendant Deng. The Government has produced the investigative files in this case, which includes details of the charged offenses and the individuals who were known to be involved. Based off the amount of discovery the Government has produced, Defendant Deng is likely to have a strong idea about the evidence against him in this case. Defendant Deng has not demonstrated a bill of particulars is required in this case. See United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery."). Therefore, I **DENY** Defendant's Motion for Bill of Particulars.

### III. Motion for Hearing Regarding Co-Conspirator Statements, Doc. 83

Defendant requests the Court to conduct a pretrial hearing to determine the admissibility of statements by alleged co-conspirators against him. Defendant requests the Court to require the Government to establish the existence of a conspiratorial agreement, Defendant's involvement in the alleged conspiracy, and that any such statements were made in furtherance of the conspiracy. Defendant states the Government must establish these elements to satisfy the co-conspirator hearsay exception under Federal Rule of Evidence 801(d)(2)(E). Defendant contends a pretrial hearing will ensure his rights to due process are not violated by exposing the jury to

inadmissible evidence.  Defendant argues permitting the government to connect this evidence during the course of trial could result in irreparable prejudice.  Id. at 2–3.

The Government opposes Defendant's request for a pretrial hearing.  Doc. 104 at 5–6.  The Government contends there is no need for any such inquiry prior to trial.  The Government argues the Court can make this finding after the Government's case in chief at trial.  Additionally, the Government argues district courts are permitted to consider the proferred hearsay statements themselves in determining the existence of the conspiracy.  Id. at 6.

In considering the admissibility of co-conspirator hearsay statements, the trial court may consider both the statements and independent, external evidence.  Bourjaily v. United States, 483 U.S. 171, 181 (1987).  The trial court has the discretion to determine the admissibility of those statements at a pretrial James hearing or during the course of trial.  United States v. Van Hemelryck, 945 F.2d 1493, 1497–98 (11th Cir. 1991) ("The district court has discretion to admit the statements subject to proof of these [foundational requirements for admissibility] during the course of the trial.") (citing United States v. Fernandez, 797 F.2d 943, 945 (11th Cir.1986), *cert. denied*, 483 U.S. 1006 (1987); United States v. Norton, 755 F.2d 1428, 1431 (11th Cir.1985)); see also United States v. Roe, 670 F.2d 956, 962–64 (11th Cir.), *cert. denied*, 459 U.S. 856 (1982) (holding the trial court's failure to hold a James hearing was not error and the court was not required to find a James hearing would be impractical before deciding to forego it).

Here, Defendant has not pointed to anything specific about this case or the alleged statements which would make an admissibility determination during trial particularly prejudicial or burdensome.  Defendant argues the vagueness of the conspiracy allegations in the indictment elevates the need for a pretrial hearing on the co-conspirator statements.  The Court would be placed in the position of having to rule on the admissibility of statements that may or may not

come out in trial testimony. Thus, such admissibility determinations are better left for the discretion of the trial judge. For this reason, I **DENY** Defendant's Motion.

IV.     **Motion to Participate in Voir Dire, Doc. 84**

Defendants requests the Court to allow his counsel to participate in the voire dire examination of potential jurors in the trial of this case. Defendant states the Court has discretion to grant this type of participation under Federal Rule of Criminal Procedure 24. The Government does not oppose Defendant's Motion and defers to the Court's discretion. Doc. 104 at 5.

The scope of voir dire questioning rests in the sound discretion of the Court. See Geralds v. Inch, No. 5:13-cv-167, 2019 WL 2092977, at *59 (N.D. Fla. May 13, 2019), *aff'd sub nom.* Geralds v. Att'y Gen., Fla., 855 F. App'x 576 (11th Cir. 2021). The Government has confirmed it would defer to the Court's sound discretion. The Court **DENIES** Defendant's Motion to Participate in Voir Dire. Doc. 84. The District Judge presiding over this case shall conduct voir dire. The denial of Defendant's Motion to Participate in Voir Dire, doc. 84, does not preclude the parties from presenting proposed voir dire questions for the Court's consideration at the appropriate time.

V.      **Motion to Sever Defendant, Doc. 85**

Defendant Deng requests the Court to sever his trial from that of his codefendants. Defendant states his codefendants may have made statements to other persons outside of his presence implicating themselves or Defendant Deng. Defendant states those statements may be prejudicial to him and not admissible against him directly. Defendant also contends that if the codefendants do not testify and such statements are introduced, then Defendant Deng will be denied his Sixth Amendment confrontation and cross-examination rights. Defendant states he

8

would be precluded from commenting on the failure of a co-defendant to testify. Defendant also argues he would not be able to compel his codefendants' testimony to provide exculpatory testimony. Defendant argues the Sixth Amendment rights of testifying defendants are in direct conflict with the Fifth Amendment rights of non-testifying defendants, and the non-testifying defendants' silence must not be used against them. Id. at 3. Defendant contends the Government may introduce evidence that is inadmissible against him but may be admissible against his codefendants. There also may be situations where Defendant seeks to introduce evidence that may not be admissible against one of the codefendants. Defendant contends he cannot obtain a fair and impartial trial unless severance is granted. Id. at 2–3.

The Government objects to Defendant's Motion for Severance. Doc. 104 at 6–12. The Government argues there is a strong preference in the Eleventh Circuit for a joint trial of those jointly indicted. The Government states the largest portion of its evidence goes towards proving the existence of the conspiracy and a substantial portion of the Government's proof would have to be repeated for each Defendant who is granted a separate trial. The Government contends there is no danger that any potential prejudice from conflicting defenses or testimony will infect jury deliberations because the trial judge will instruct the jury to consider the evidence against each Defendant on a separate and independent basis. Id. at 8. The Government argues Defendant has not met the high threshold of compelling prejudice required to grant severance on the ground of potential jury confusion. Id. at 9. The Government also contends potential advantage from severance is not a recognized basis for granting a motion for severance. Id. at 11.

Federal Rule of Criminal Procedure 8(b) permits joinder of defendants in a single indictment where they are alleged to have participated in the same transaction or series of

transactions. "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." United States v. Lopez, 649 F.3d 1222, 1233 (11th Cir. 2011). "The general rule, however, especially in conspiracy cases, is that persons jointly indicted should be tried together." United States v. Sullivan, 578 F.2d 121, 123 (5th Cir. 1978). Under Federal Rule of Criminal Procedure 14, an exception to this rule may be enforced where joinder would cause the defendant undue prejudice. "We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "In considering a motion for severance, the trial court must balance the possible prejudice to the defendant against the government's interest in judicial economy." United States v. Staller, 616 F.2d 1284, 1294 (5th Cir. 1980). There is some degree of bias in every joint trial. "A mere showing of some prejudice has usually been insufficient, for qualitatively it must be the most compelling prejudice against which the trial court will be unable to afford protection." United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973).

"[S]everances need be granted only if there is a serious risk that a joint trial would either 'compromise a specific trial right of one of the defendants' or 'prevent the jury from making a reliable judgment about guilt or innocence' even if limiting instructions are given." United States v. Lopez, 649 F.3d 1222, 1234–35 (11th Cir. 2011) (quoting United States v. Thompson, 422 F.3d 1285, 1292 (11th Cir. 2005)). Even when the risk of prejudice is high, the Supreme Court has stated, "less drastic measures, such as limiting instructions, often will suffice to cure

any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). When it comes to evidence of guilt introduced against a codefendant which would be inadmissible against the defendant in a separate trial, the Eleventh Circuit has said, "a court's cautionary instructions ordinarily will mitigate the potential 'spillover effect' of evidence of a co-defendant's guilt." United States v. Kennard, 472 F.3d 851, 859 (11th Cir. 2006). "A single conspiracy, however, may exist even if not all conspirators take part in all aspects of the scheme." United States v. Marszalkowski, 669 F.2d 655, 659–660 (11th Cir. 1982). "The general rule is that even acquittal of conspiracy does not of itself establish misjoinder." Id. at 660. "The applicable test is whether it was 'within the capacity of the jurors to follow the court's limiting instructions and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements, and conduct." United States v. Cross, 928 F.2d 1030, 1039 (11th Cir. 1991) (quoting United States v. Silien, 825 F.2d 320, 323 (11th Cir. 1987).

Defendant Deng has not met the burden to warrant severance in this case. Defendant has not demonstrated he will suffer compelling prejudice as a result of the spillover effects of being tried jointly with codefendants. Aside from general references to potentially inadmissible testimony, Defendant fails to explain how any particular evidence or testimony creates a risk of conflating the jury's determination of each Defendant's guilt. With only eight Defendants in this case, the Court's instructions to the jury to consider each offense and the evidence pertaining to it separately and to consider the case of each defendant separately and individually should mitigate any prejudice concerns.

Defendant has also not satisfied the threshold showing to move for severance in order to obtain favorable testimony from a codefendant. A defendant who moves for severance on this basis must show: "(1) a bona fide need for the testimony; (2) the substance of the desired

testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial." United States v. Machado, 804 F.2d 1537, 1544 (11th Cir. 1986). Defendant Deng has only made general statements regarding codefendants' exculpatory testimony and Sixth Amendment concerns. Defendant has not made a sufficient threshold showing for the Court to evaluate the significance of the potential exculpatory testimony. Defendant has not shown the Court's jury instructions would not mitigate any general Sixth and Fifth Amendment concerns. Therefore, I **DENY** Defendant's Motion to Sever.

## CONCLUSION

For the above-stated reasons, the Court **DENIES as moot** the Government's Motion, doc. 61, as to Defendant Wei Sheng Deng, and Defendant's Motions, docs. 79-80. Additionally, the Court **DENIES** Defendant's Motion in Limine, Motion for Bill of Particulars, Motion for Hearing Regarding Co-Conspirator Statements, Motion to Participate in Voir Dire, and Motion to Sever Defendant. Docs. 81, 82, 83, 84, 85.

**SO ORDERED**, this 9th day of July, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA